| | |
|---|---|
| MONIQUE L. HIBBS | CIVIL ACTION |
| VERSUS | |
| WELLS FARGO BANK, N.A. | 17-615-SDD-RLB |

## RULING

Before the Court is a *Motion to Dismiss* ("Motion") filed by Defendant Wells Fargo Bank, N.A. ("Defendant" or "Wells Fargo").[1] Plaintiff Monique L. Hibbs ("Plaintiff" or "Hibbs") has filed an *Opposition to Defendant's Motion to Dismiss* ("Opposition") to which the Defendant has filed a *Reply*.[2] The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343. Oral argument is unnecessary. For the following reasons, the Motion shall be **GRANTED** solely as it pertains to any claims asserted under TILA.

I.     **PROCEDURAL BACKGROUND**

The procedural history is significant to the pending Motion to Dismiss. Suit was filed by the plaintiff, proceeding pro se, in State Court and removed to this Court on the grounds of diversity jurisdiction. The original complaint alleges fraud, conversion, breach of contract and unfair and deceptive trade practices under the Louisiana Unfair Trade Practices Act ("LUPTA")[3]. Defendant filed a Motion to Dismiss the original complaint asserting that dismissal was required for failure to comply with FRCP Rule 8 pleading standards, failure to conform to Rule 9(b)'s requirement that fraud be pled with particularity and on the grounds that LUPTA does not apply to federally insured or

---

[1] Rec. Doc. 19.
[2] Rec. Docs. 23 & 25.
[3] Rec. Doc. 1-1.

regulated financial institutions.[4] Plaintiff, now represented by counsel, filed an Amended Complaint[5] alleging violations of the Truth in Lending Act ("TILA").[6] Immediately after filing an Amended Complaint, plaintiff filed an Opposition to the Motion to Dismiss, stating:

> The Court will note that in the First Amended Complaint (Doc. 9), the Plaintiff has attempted to allege facts in chronological order in separate numbered paragraphs. She has eliminated all of the references to fraud as well as her reference to the Louisiana Unfair Trade Practices Act, since it is clear that LUTPA does not apply to federally insured financial institutions such as Wells Fargo. Plaintiff has alleged a cause of action under the Federal Truth in Lending Act, 15 USC § 1601, et seq, which does apply to federally insured financial lending institutions such as Wells Fargo.[7]

Against this backdrop, the Court denied, without prejudice, the Defendants Motion to Dismiss as moot.[8]

Defendant now urges dismissal of the Plaintiff's TILA claim. Plaintiff opposes dismissal of the TILA claim and asserts that in addition to the TILA claims, plaintiff's complaint states causes of action for breach of contract, unreasonable withholding from insurance payments made by the flood insurer, and personal injury claims.[9]

The only issue before the Court, as presented by the Defendant's Motion to Dismiss, is whether the Amended Complaint states a claim for relief under TILA. To the extent that the Complaint, as amended, alleges other legal theories of possible recovery, the Court treats the present Motion as a partial Motion to Dismiss.

---

[4] Rec. Doc. 5-1.
[5] Rec. Doc. 9 (an amendment "as a matter of course" filed pursuant to Fed. R. Civ. P. 15 (a)(1)(B)).
[6] 15 U.S.C. § 1601, *et seq*.
[7] Rec. Doc. 10, p. 2.
[8] Rec. Doc. 16.
[9] Rec. Doc. 9.

## II. FACTUAL ALLEGATIONS AND ISSUES PRESENTED

### A. Factual Allegations

The undisputed facts taken in the light most favorable to Plaintiff are as follows. Plaintiff purchased a residence located at 13527 Arnold Road in Walker, Louisiana on May 12, 2006.[10] Plaintiff executed a promissory note in the amount of approximately $199,999.00 in favor of and granted a mortgage to American Mortgage, Inc.[11] In 2007, Defendant Wells Fargo purchased the note and mortgage from American Mortgage, Inc.[12] In 2009 Plaintiff sought to refinance with Wells Fargo but the parties agreed to enter into a Loan Modification Agreement ("LMA") instead.[13] Plaintiff alleges that the LMA was not executed, and did not come into effect, until January 29, 2011.[14]

According to the Plaintiff, prior to the LMA, she had been paying directly for wind, homeowner's, and flood insurance coverage for the subject property.[15] Plaintiff alleges that as a condition of the LMA, Wells Fargo required her to pay into an escrow account, held by Wells Fargo, an amount sufficient to pay for wind, homeowner's, and flood insurance coverage, among other charges.[16] Plaintiff concedes that she agreed to the condition and began paying increased monthly installments on her mortgage debt, a portion of which was held escrow for payment of the insurance premiums, among other expenses.[17]

---

[10] Rec. Doc. 9, ¶¶ 4-5.
[11] *Id.* ¶ 5.
[12] *Id.* ¶ 6.
[13] *Id.* ¶¶ 7-8.
[14] *Id.* ¶ 9.
[15] *Id.* ¶ 10.
[16] *Id.* ¶ 11.
[17] *Id.* ¶ 12.

Plaintiff alleges that her property flooded in the historic flood event that occurred in South Louisiana in August 2016.[18] Plaintiff alleges that the flooding caused more than $200,000.00 in damage to the structure, and more than $100,000.00 in contents loss.[19]

On August 12, 2016, Plaintiff contacted Wells Fargo to obtain information in order to file a claim with her flood insurer, and was informed by Wells Fargo that she had no flood insurance coverage for her property.[20] Plaintiff alleges that, upon further investigation, she discovered that Wells Fargo had either cancelled, or allowed to lapse, the flood insurance policy that she previously paid directly for prior to the LMA.[21] Plaintiff further alleges that Wells Fargo had purchased two separate wind insurance policies on the property without her knowledge and consent and paid the monthly premiums on both policies out of the escrow account.[22] Plaintiff contends that Wells Fargo never disclosed its actions, which left her uninsured for the flood loss.[23]

In October 2016 Plaintiff was notified by Wells Fargo that it had procured a flood insurance policy for her with American Security, which was retroactively effective to July 26, 2016.[24] The flood policy acquired by Wells Fargo provided $201,000.00 in coverage for damages to the structure, but unlike her previous flood policy, did not provide contents coverage.[25] Plaintiff further alleges that American Security issued a check payable to both Wells Fargo and herself in the amount of approximately $65,000.00, but Wells Fargo has refused to "release" the check.[26]

---

[18] *Id.* ¶ 13.
[19] *Id.* ¶¶ 19-20.
[20] *Id.* ¶¶ 14-15.
[21] *Id.* ¶ 16.
[22] *Id.* ¶¶ 17-18.
[23] *Id.*
[24] *Id.* ¶ 21.
[25] *Id.* ¶ 22.
[26] *Id.* ¶¶ 23-24.

According to Plaintiff, Wells Fargo's refusal to "release" the flood insurance check has resulted in her having "fund her own repairs to the property . . . and live in a trailer" causing the plaintiff and her minor child to "become ill due to exposure to mold and other toxic substances." [27] Plaintiff further contends that she and her minor child have been forced to live in a trailer outside of her home while she waits for the funds necessary to complete the repairs to her home.[28] Plaintiff alleges that both she and her child have become ill due to exposure to mold and other toxic substances while the property remains in a ruined condition.[29]

### B. Parties' Arguments

In support of its *Motion*, Defendant argues that a plaintiff asserting a claim under TILA may not simply allege a general violation of the statute, but is required to identify the specific TILA disclosure requirement(s) with which the defendant has allegedly failed to comply.[30] Defendant cites to several cases in support of its argument. Defendant argues that Plaintiff's allegation that "Wells Fargo's aforementioned actions, practices, and failures to disclose are violations of the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*" is conclusory and fails to apprise Wells Fargo of any basis for Plaintiff's TILA claim.[31]

Alternatively, Defendant argues that even if Plaintiff has alleged facts sufficient to assert a claim under TILA, any claim must be dismissed because it has prescribed.[32] Citing 15 U.S.C. § 1640(e), Defendant states that "[u]nder TILA, a claim must be brought within one year from the date of the occurrence of the alleged violation."[33] Defendant

---

[27] *Id.* ¶¶ 25-26.
[28] *Id.* ¶ 25.
[29] *Id.* ¶ 26.
[30] Doc. 19-1, p.4.
[31] *Id.* at p. 5.
[32] *Id.*
[33] *Id.*

5

argues that in order for Plaintiff's TILA claim to have been timely, it must have been filed within one year of the execution of the LMA.[34] Inasmuch as Plaintiff did not file her suit until over six years after the LMA was executed in 2011, Defendant argues that Plaintiff's TILA claim is prescribed.[35]

Plaintiff opposes Defendant's *Motion* on three grounds.[36] First, Plaintiff asserts that the factual allegations in her *Amended Complaint* are sufficient to establish a breach of contract claim for misapplication of escrow payments. Second, Plaintiff contends that she has plead sufficient allegations to assert personal injury claims arising from failure to release insurance payments and, finally, Plaintiff argues that she has alleged specific violations sufficient to support a claim under TILA and that her TILA claims are timely due to equitable tolling or a continuing violation theory.

Defendant's Motion to Dismiss moves dismissal of the Plaintiff's TILA claims. The Court expresses no opinion on whether the complaint, as amended, states other claims for relief. The Court addresses only the matter before it, that is, whether the Amended Complaint states a plausible claim for relief under TILA.

## III.    LAW AND ANALYSIS

### A.  Rule 12(b)(6) Legal Standard

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" The Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."

---

[34] *Id.* at p. 6.
[35] *Id.*
[36] Rec. Doc. 23.

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[37] In Twombly, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[38] A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[39] However, "[a] claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[40] In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that the defendant has acted unlawfully."[41] "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[42] On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[43]

In *Johnson v. City of Shelby, Miss.*, the Supreme Court explained that "[f]ederal pleading rules call for a 'short and plain statement of the claim showing that the pleader

---

[37] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).
[38] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and brackets omitted).
[39] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (internal citations omitted).
[40] *Twombly*, 550 U.S. at 570.
[41] *Iqbal*, 556 U.S. at 678.
[42] *Taha v. William Marsh Rice Univ.*, No. CIV.A. H-11-2060, 2012 WL 1576099, at *2 (S.D. Tex. May 3, 2012) (quoting *Southland Sec. Corp. v. Inspire Ins. Sols., Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)).
[43] *Twombly*, 550 U.S. at 556 (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).

is entitled to relief;' they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted."[44]

Interpreting Rule 8(a), the Fifth Circuit has explained:

> The complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim. "Asking for [such] plausible grounds to infer [the element of a claim] does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal [that the elements of the claim existed]."[45]

More recently, in *Thompson v. City of Waco, Tex.*, the Fifth Circuit summarized the standard for a Rule 12(b)(6) motion:

> We accept all well-pleaded facts as true and view all facts in the light most favorable to the plaintiff…To survive dismissal, a plaintiff must plead enough facts to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Our task, the, is to determine whether the plaintiff states a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success.[46]

### B. TILA Claim

Plaintiff cites to *Wulf v. Bank of America, N.A.*,[47] arguing that in that case, the trial court found that a claim that a lender forced the plaintiff to purchase and maintain flood insurance in amounts deemed excessive was a violation of TILA.[48] Plaintiff also cites to *Jackson v. Wells Fargo, N.A.*,[49] arguing that the trial court in that case found that the

---

[44] *Johnson*, 135 S. Ct. 346, 346-47, 190 L. Ed. 2d 309 (2014) (citation omitted) (quoting Fed. R. Civ. P. 8(a)(2)).
[45] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Twombly*, 550 U.S. at 556).
[46] *Thompson*, 764 F.3d 500, 502-503 (5th Cir. 2014) (citations and internal quotations omitted).
[47] *Wulf*, 798 F. Supp. 2d 586, 599 (E.D. Pa. 2011).
[48] Rec. Doc. 23 at p. 7.
[49] *Jackson*, No. 2:12CV1262, 2013 WL 5945732, at *7 (W.D. Pa. Nov. 6, 2013).

practice of erroneously force-placing insurance constituted a plausible claim for relief under the TILA.[50]

The cases relied on are of persuasive value only, but "there is a growing body of authority which recognizes that the practice of force-placing insurance under similar circumstances states a plausible claim for relief under TILA."[51] As summarized in *Jackson v. Wells Fargo Bank, N.A.*, various District Courts among various Circuits have held that the unauthorized purchase of insurance for a borrower by a lender may constitute a TILA violation.[52] *Wulf v. Bank of America. N.A.*, also illustrates a similar situation wherein the court found that the defendant lender's forcing the purchase of extraneous flood insurance by the plaintiff plausibly constituted a TILA violation.[53] The Court finds that the allegations that Wells Fargo, unbeknownst to the Plaintiff, obtained and charged the Plaintiff for two separate wind policies can plausibly be construed as a "force place" of insurance and thus states a plausible claim under TILA.

Having found a plausible claim for relief under TILA, the next question is whether the Plaintiff's TILA claim is timely. According to the Complaint, the LMA "required the Plaintiff to pay into an escrow account held by the defendant an amount sufficient to pay wind, homeowners and flood insurance, among other charges."[54] As noted by the *Wulf* court, the one year statute of limitations began to run from the time of the "alleged change in loan terms and the increase in flood coverage . . . ." Hence the date of the LMA, January 29, 2011, is the operative date of the insurance placement giving rise to the TILA claim.

---

[50] Rec. Doc. 23, pp. 7-8.
[51] *Jackson*, 2013 WL 5945732, at *7.
[52] *Id.*
[53] *Wulf*, 798 F. Supp. 2d at 599.
[54] Rec. Doc. 9, ¶ 11.

A consumer action under TILA must be brought "within one year from the date of the occurrence of the violation."[55] In the Fifth Circuit, the phrase "occurrence of the violation" is interpreted to mean "consummation of the transaction."[56] More specifically, a TILA violation occurs at the time a consumer becomes contractually obligated on a credit transaction, which is determined by the applicable state law.[57]

Federal courts, both in the Fifth Circuit as well as in many other jurisdictions, have consistently denied recovery under TILA when the plaintiff filed suit over a year after the transaction was executed. Here, Plaintiff entered into the LMA with Wells Fargo in January 2011, and Plaintiff did not file suit until August 11, 2017—more than one year after the alleged occurrence of the violation.

In an effort to overcome the statute of limitations bar, plaintiff asserts a continuing violation theory and equitable tolling. The Amended Complaint alleges that "the defendant has continuously failed to furnish the plaintiff with monthly mortgage statements and escrow statements until September of 2016."[58] Plaintiff argues that § 1638(b)(4)(A) of TILA required Wells Fargo to comply with reporting requirements of the Real Estate Settlement Procedures Act of 1974 ("RESPA")[59]. Namely, as an escrow agent, Wells Fargo was obligated to provide the Plaintiff with "annual statements itemizing the escrow account."[60] Plaintiff further references § 1638(f)(1) of TILA as requiring the lender to transmit to the borrower statements each billing cycle regarding principle and interest.[61]

---

[55] 15 U.S.C. § 1640(e).
[56] *Moor v. Travelers Ins. Co.*, 784 F.2d 632, 633 (5th Cir. 1986); *Bourgeois v. Haynes Const. Co.*, 728 F.2d 719, 720 (5th Cir. 1984).
[57] 12 C.F.R. § 226.2(a)(13); *Bourgeois*, 728 F.2d at 720.
[58] Rec. Doc. 9, ¶ 28.
[59] 15 U.S.C. § 1638(b)(4)(A); *see also* 12 U.S.C. § 2601, *et seq*.
[60] Rec. Doc. 23, p. 7.
[61] *Id*.

10

1. Continuing Violation

Plaintiff argues that Wells Fargo has continuously failed to furnish any statements since 2011, in violation of § 1638(f)(1) of TILA.[62] Therefore, according to Plaintiff, "[s]ince the Defendant had a continuing duty to furnish these statements each year and each billing cycle, the Plaintiff is entitled to damages for those violations within the last year."[63]

However, Fifth Circuit precedent is clear that "nondisclosure is not a continuing violation for purposes of the statute of limitations."[64] Plaintiff's claims are thus time barred under Section 1640(e) of TILA.[65] Similarly, as a matter of law, failure to comply with RESPA reporting requirements also does not constitute a continuing violation for the purposes of the statute of limitations.[66]

2. Equitable Tolling

Seeking haven under the equitable tolling doctrine, Plaintiff contends that Wells Fargo's actions amounted to "intentional concealment by the defendant of misapplication of escrow payments sufficient to equitably toll the statute of limitations of § 1640(e)."[67] Accordingly, Plaintiff contends, the statute of limitations did not begin until the date on which Plaintiff discovered or had reasonable opportunity to discover the concealment.

A claim under TILA that is filed outside the one-year prescription period may be considered timely, if a plaintiff can demonstrate that such claim is subject to the doctrine of equitable tolling. If application of the doctrine is warranted, it acts to suspend the

---

[62] *Id.*
[63] *Id.* at p. 8.
[64] *Moor*, 784 F.2d at 633 (quoting *In re Smith*, 737 F.2d 1549, 1552 (11th Cir. 1984)); *see also Wachtel v. West*, 476 F.2d 1062, 1065-66 (6th Cir. 1973).
[65] 15 U.S.C. § 1640(e).
[66] *Moor*, 784 F.2d at 633.
[67] Rec. Doc. 23, p. 9.

limitations period until the borrower discovers, or at least had a reasonable opportunity to discover, the lender's fraudulent concealment or nondisclosures in violation of TILA.[68]

As a general rule, courts should apply the doctrine of equitable tolling sparingly.[69] In *Moor v. Travelers Ins. Co.*, the Fifth Circuit held: "To clothe himself in the protective garb of the tolling doctrine, a plaintiff must show that the defendants concealed the reprobated conduct and despite the exercise of due diligence, [the plaintiff] was unable to discover that conduct."[70] Put another way, the factual allegations plead by the plaintiff must demonstrate that she was actively misled by the defendant about the cause of action or prevented from asserting his or her rights in some extraordinary way.[71] The Fifth Circuit, and various courts within the Fifth Circuit, have applied this standard in the context of TILA only when a plaintiff alleges or demonstrates wrongful conduct by the defendant that goes beyond mere nondisclosure.[72]

Here, Plaintiff argues that her TILA claim is subject to equitable tolling and the limitations period properly runs from the date on which she discovered or had a reasonable opportunity to discover the concealment by Wells Fargo. Plaintiff argues that she has demonstrated that Wells Fargo concealed their reprobated conduct by referencing the following factual allegations included in her *Amended Complaint*:

> (1) Defendant cancelled her long-standing flood insurance policy without her knowledge or consent and failed to obtain other comparable flood insurance;[73]

---

[68] *Moor*, 784 F.2d at 633.
[69] *Dupree v. United States*, 495 F. App'x 422, 425 (5th Cir. 2012).
[70] *Moor*, 784 F.2d at 633.
[71] *Ramirez v. City of San Antonio*, 312 F.3d 178, 183 (5th Cir. 2002).
[72] *McLean v. Big Dog Grp., LLC*, No. CV 15-40-JWD-EWD, 2016 WL 3211514, *7 (M.D. La. March 11, 2016) (deGravelles, J.) (citing *Moor*, 784 F.2d at 633-34); *see also McCrimmon v. Wells Fargo Bank, N.A.*, 516 F. App'x 372, 375–76 (5th Cir. 2013); *Garcia v. Universal Mortg. Corp.*, No. 3:12-CV-2460-L, 2013 WL 1858195, at *5 (N.D. Tex. May 3, 2013).
[73] Rec. Doc. 9, ¶ 16.

(2) Defendant had purchased two separate wind policies on her property without her knowledge or consent and paid both policies out of the escrow account without disclosing it to her;[74] and

(3) The flood insurance policy which the defendant obtained after the fact did not contain coverage for contents of which the plaintiff was unaware, since she was unaware that her original flood insurance policy had been cancelled in the first place.[75]

None of these factual allegations plausibly demonstrate that Wells Fargo purposefully or in "some extraordinary way"[76] concealed the reprobated conduct. At most, these allegations constitute mere non-disclosure. As previously stated, in the Fifth Circuit, the plaintiff must allege wrongful conduct by a defendant that goes beyond mere disclosure in order to apply equitable tolling in the context of a TILA claim.

Even if Plaintiff's allegations are liberally construed to find a plausible allegation that the Wells Fargo's conduct went beyond mere non-disclosure, Plaintiff fails to demonstrate by her allegations that she exercised the necessary due diligence to discover the conduct, as required under by *Moor*[77]. The *Amended Complaint* contains no allegations that the Plaintiff exercised due diligence to determine the nature and types of coverages for which she remitting premium as part of her escrow payments. The Court therefore concludes that Plaintiff's is not subject to equitable tolling.

---

[74] *Id.* ¶ 18.
[75] *Id.* ¶¶ 18 & 22.
[76] *Ramirez v. City of San Antonio*, 312 F.3d 178, 183 (5th Cir. 2002) (quoting *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002)).
[77] *Moor*, 784 F.2d at 633.

Accordingly, Defendant's *Motion to Dismiss Plaintiff's Amended Complaint* is **GRANTED** with respect to any of Plaintiff's claims arising under TILA. However, this is only a partial dismissal of Plaintiff's *Amended Complaint*, as the Court's ruling does not extend to any additional claims that may have been asserted by Plaintiff that are unrelated to TILA.

**IT IS SO ORDERED**.

Signed in Baton Rouge, Louisiana on July 3, 2018.

_____
**JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**